IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY RAY WALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1207 |
| | § | |
| HARRIS COUNTY COURTHOUSE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Johnny Ray Wall, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit challenging his 2008 guilty plea convictions. In compliance with the Court's order, Wall filed a more definite statement of the facts underlying his claims.

The threshold question is whether Wall's claims should be allowed to proceed under 28 U.S.C. § 1915A. Finding that no federal rights have been implicated, the Court DISMISSES this lawsuit for failure to state a claim, as follows.

*Background and Claims*

Wall pleaded guilty to evading arrest and burglary of a habitation under cause numbers 1188185 and 1188184 in Harris County, Texas, and was sentenced to three years incarceration on October 21, 2008. He complains here that his trial counsel was ineffective, that he was not provided a proper psychiatric evaluation or his psychiatric medications prior to trial, and was "not in right state of mind" to plead guilty or be sentenced. He names as defendants his trial attorney, the district attorney, the trial judge, the Harris County Jail, and

the Mental Health and Mental Retardation Department, and seeks as judicial relief damages in an amount of $500,000.00.

## *Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

To prevail in a section 1983 lawsuit, a plaintiff must establish a deprivation of a right secured by federal law that occurred under color of state law, and which was caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). A criminal defendant's trial attorney, even if court-appointed, is not a state actor for purposes of section 1983. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Accordingly, plaintiff's civil rights claims against his defense counsel lack an arguable basis in law and fail to state a claim. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Further, a district attorney is immune from liability for his actions in prosecuting criminal charges brought against a defendant. *Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir.

1996). Accordingly, plaintiff's civil rights claims against the district attorney involved in his criminal cases are frivolous and fail to state a claim. Because the trial judge in plaintiff's case is immune from civil liability, plaintiff raises no viable civil rights claims against him. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Regardless, plaintiff pleaded guilty to the criminal charges made the basis of this lawsuit, and has not alleged or shown that the convictions have been reversed or set aside. Accordingly, his section 1983 claims seeking monetary damages for these allegedly improper criminal convictions are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*,

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (footnote omitted). Because a judgment in favor of plaintiff in this lawsuit would necessarily imply the invalidity of his convictions, and because neither plaintiff nor this Court's review of public state court records show that the convictions have been invalidated, reversed, or otherwise set aside, plaintiff's section 1983 claims are barred at this time.

Public records for the state appellate courts reveal that plaintiff's direct appeal of his convictions was dismissed. *Wall v. State*, No. 14-08-01102-CR (Tex. App. – Houston [14th Dist.] 2008). Public records for the Texas Court of Criminal Appeals do not show that petitioner filed an application for habeas relief with that court regarding these convictions.

Accordingly, the Court declines to construe this lawsuit as a section 2254 habeas petition, as plaintiff has not exhausted his state court remedies regarding his implied habeas claims.

## *Conclusion*

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. Any and all pending motions are DENIED AS MOOT. His implied request for habeas relief regarding his 2008 convictions is DENIED WITHOUT PREJUDICE to being pursued through a properly-filed section 2254 habeas proceeding following exhaustion of state court remedies.

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas, on January 27, 2010.

_____
Gray H. Miller
United States District Judge